**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Valentin LAZALDE–MURILLO,
Defendant—Appellant.**

**No. 06–30108.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 2006.*

Filed Sept. 14, 2006.

Byron G. Chatfield, Office of the U.S. Attorney, Medford, OR, Stephen F. Peifer, Esq., Office of the U.S. Attorney, Portland, OR, for Plaintiff—Appellee.

Tonia L. Moro, Esq., Federal Public Defender's Office, Medford, OR, for Defendant—Appellant.

Before: PREGERSON, T.G. NELSON, and GRABER, Circuit Judges.

## MEMORANDUM **

Valentin Lazalde–Murillo appeals the sentence imposed following his guilty plea to illegal reentry after deportation, in vio-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

lation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Lazalde–Murillo contends that the district court erred in sentencing him pursuant to 8 U.S.C. § 1326(b)(2) to more than the two-year maximum set forth in § 1326(a) when he did not admit and a jury did not find any prior conviction. He argues that the doctrine of constitutional avoidance requires that *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), be limited to the holding that a prior conviction that increases the maximum penalty need not be alleged in the indictment when the prior conviction, unlike here, is admitted as part of a guilty plea. Lazalde–Murillo also contends that intervening Supreme Court decisions have overruled this court's decisions interpreting *Almendarez–Torres* to allow sentence increases upon judicial findings of prior convictions.

These contentions are foreclosed. *See United States v. Beng–Salazar*, 452 F.3d 1088, 1091 (9th Cir.2006).

**AFFIRMED.**